43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BURT CHEVROLET, INC. and Burt Toyota, Inc., Plaintiffs-Appellees,
v.
LAI PROPERTIES, INC., a Delaware corporation; Liquid Air
Corporation, a Delaware corporation, Defendants-Appellants.
 No. 93-1332.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Burt Chevrolet, Inc. and Burt Toyota, Inc. brought this diversity suit against defendants LAI Properties, Inc. and Liquid Air Corp., alleging breach of two equipment leases. Defendants appeal the district court's entry of summary judgment in favor of plaintiffs. This court reviews the grant of summary judgment de novo. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 On appeal, defendants argue that summary judgment was improper because the record demonstrates genuine issues of material fact on the following five issues: (1) whether Steve Pietrobono, the Liquid Air Corp. fleet manager, had apparent authority to exercise LAI's right of early termination under section eight of the leases; (2) whether the letter from Mr. Pietrobono constituted notice of early termination; (3) whether LAI rescinded and repudiated Mr. Pietrobono's early termination; (4) whether plaintiffs' early termination claim is barred by waiver or estoppel; and (5) whether LAI complied with all of the contractual provisions for early termination of the leases.
 
 
 4
 We have reviewed the record and considered defendants' arguments in light of the relevant law. We affirm the entry of summary judgment in favor of plaintiffs for substantially the reasons stated by the district court. We briefly address the last two issues, which the district court did not discuss.[2]
 
 
 5
 Defendants argue that because they paid all quarterly lease payments, plaintiffs realized the full benefit of the contract and, therefore, plaintiffs are barred, under a waiver or estoppel theory, from claiming that defendants exercised their unilateral right of early termination. Plaintiffs claim they accepted the lease payments to mitigate damages from defendants' failure to pay the termination values. Plaintiffs, in fact, notified defendants that the lease payments were being accepted to mitigate damages. By a separate letter, plaintiffs informed defendants that they intended to comply with all terms and conditions of the leases. Nothing in the record supports the inference that plaintiffs released defendants of their burden to carry through with the termination, once they had given notice of early termination. We conclude that this action is not barred by waiver or estoppel.
 
 
 6
 Finally, defendants dispute that they took the necessary steps to terminate the leases under the early termination clauses. We have affirmed the district court's conclusion that Mr. Pietrobono's letter constituted notice of early termination of the leases. It is clear from the language of the leases that defendants, at that point, were obligated to proceed with the termination. Had they proceeded with the termination in the manner provided by the leases, their obligation to pay quarterly rent would have ceased. But defendants' failure to proceed in accordance with the leases' early termination terms does not void their early termination notice. See Castle Creek Water Co. v. City of Aspen, 146 F.8 (8th Cir.1906)(purchase option exercised when party gave notice it would exercise option, even though party subsequently failed to complete purchase in manner provided by the contract; once the party exercised the option he could "not revoke his choice and select another alternative").
 
 
 7
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 These issues were raised to the district court